STATE OF NORTH CAROLINA
v.
LEVON FOSKEY
No. COA07-1296
Court of Appeals of North Carolina.
Filed June 17, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General David D. Lennon, for the State.
Daniel F. Read for defendant appellant.
McCULLOUGH, Judge.
Defendant was charged with sale of cocaine, delivery of cocaine, and possession of cocaine with intent to sell or deliver. He was found guilty of delivery of cocaine and felonious possession of cocaine. He was sentenced to an active term of eight to ten months for delivery of cocaine. He was sentenced to a consecutive term of six to eight months for felonious possession of cocaine. The latter sentence was suspended, and defendant was placed on probation for four years.
The State presented evidence tending to show that on 7 December 2006, a confidential informant, accompanied by an undercover law enforcement officer, drove to downtown Jacksonville for the purpose of assisting the officer in making a drug buy. Theinformant spotted defendant, with whom he had previously smoked crack cocaine, walking down a street. The informant told defendant that he was looking for some crack cocaine for the undercover officer, whom he identified as his girlfriend. Defendant took money from the officer and walked into a house. Defendant came out of the house, entered the informant's van, and handed a piece of a substance subsequently analyzed as less than a tenth of a gram of cocaine base to the officer. Defendant testified and denied selling any drugs.
Defendant first contends the court erred by admitting extrinsic evidence of a traffic stop of a vehicle in which defendant was a passenger, during which stop another passenger was found sitting on some crack cocaine.
The record shows that defendant's attorney asked defendant on direct examination whether he had been in recent contact with law enforcement officers. Defendant responded by relating an incident in which law enforcement officers stopped a vehicle in which he was a passenger and found another passenger sitting on some drugs. Defendant stated that he was not aware of the existence of drugs in the vehicle.
On rebuttal, the State presented the testimony of Officer Timothy Carr of the Jacksonville Police Department indicating that on 11 October 2006, the officer was working on a team targeting "open air markets" for drug sales and street-level drug dealers. The team saw an individual walk into a convenience store known by law enforcement officers as an open air market, exit the store, andget into the rear passenger seat of a vehicle. The team conducted a traffic stop of the vehicle, which was occupied by three people, including defendant, who was seated in the left rear passenger seat, and Arthur Henry, who was seated in the front passenger seat. The three occupants exited the vehicle and one of the officers found a piece of crack cocaine on the front passenger seat.
Henry testified on rebuttal that on 11 October 2006, he and Bobby Roberts came to Shaw's Motel in downtown Jacksonville for the purpose of obtaining some crack cocaine. Roberts entered the motel and returned with defendant, who told them that he could find some cocaine for them. Defendant entered their vehicle and rode with them to a convenience store. Defendant entered the store, returned to the vehicle and handed Roberts some crack cocaine. Roberts handed the crack cocaine to Henry.
Defendant argues the evidence was not relevant to any issue in the case other than to show that defendant had a propensity to commit crime. He alternatively argues that even if the evidence had any relevance, its probative value was outweighed by its prejudicial effect. He finally argues that the court erred by instructing the jury that it could consider this evidence.
We do not address the issue of the relevance of the evidence because we conclude defendant opened the door to the admission of evidence regarding the traffic stop by testifying about it for the first time on direct examination. On direct examination, defendant testified that he had no knowledge of the existence of drugs in the vehicle until after the vehicle was stopped. Under such circumstances, the law wisely permits evidence not otherwise admissible to be offered to explain or rebut evidence elicited by the defendant himself. Where one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though such latter evidence would be incompetent or irrelevant had it been offered initially.
State v. Albert, 303 N.C. 173, 177, 277 S.E.2d 439, 441 (1981). Having properly admitted the evidence, the court properly instructed the jury that it could consider the evidence. We therefore overrule defendant's assignments of error pertaining to the admission of the rebuttal evidence and the court's instruction.
Defendant next contends that the court erred by denying his motion to dismiss for insufficient evidence. Defendant argues that the testimony of the informant and Henry lacked credibility because the informant received payment for his assistance and both the informant and Henry received favorable treatment on pending charges in exchange for their testimony against defendant.
A motion to dismiss requires the court to determine whether there is substantial evidence to establish each element of the offense charged and to identify the defendant as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). In deciding the motion, the court must examine the evidence in the light most favorable to the State, giving the State the benefit of everyreasonable inference that may be drawn from the evidence and leaving contradictions or discrepancies for the jury to resolve. State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). "[A]ll admitted evidence favorable to the State, whether competent or incompetent, must be considered and must be deemed true." State v. Roseman, 279 N.C. 573, 580, 184 S.E.2d 289, 294 (1971).
The evidence of the State establishes that defendant gave a piece of crack cocaine to the undercover officer. We conclude this evidence sufficed to withstand the motion to dismiss the charges of possession of crack cocaine and delivery of cocaine.
Lastly, defendant contends that the court erred by extending the term of probation to a period of four years. Generally, the maximum term of probation permitted as an intermediate punishment is three years. N.C. Gen. Stat. § 15A-1343.2(d)(4) (2007). The statute further provides, however, that "[i]f the court finds at the time of sentencing that a longer period of probation is necessary, that period may not exceed a maximum of five years[.]" Id.
Here, the court made the requisite finding that a longer period of probation is necessary because of "defendant's substantial drug problem." This finding is supported by defendant's own testimony concerning his usage of a variety of drugs, his residence in an area known for drug activity, and his acquaintance with drug dealers. We overrule this assignment of error.
We hold defendant received a fair trial, free of prejudicialerror.
No error.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).